UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

BANNER INDUSTRIES OF N.E., INC.,

                Plaintiff

   vs.                                        5:11-CV-1537
                                                   (NAM)(RFT)

KENNETH L. WICKS and
HARRINGTON INDUSTRIAL PLASTICS LLC,

                Defendants
───────────────────────────────────────────────

## ORDER TO SHOW CAUSE

**Norman A. Mordue, United States District Judge:**

       Upon the annexed Affidavits of Seth H. Hochbaum, Esq., Gary J. Richard, President of plaintiff, Banner Industries of N.E., Inc. ("Banner"), dated November 28, 2011 and February 3, 2012, the accompanying memorandum of law and all exhibits thereto; and all prior proceedings had herein,

       Let the defendants, Kenneth L. Wicks ("Wicks") and Harrington Industrial Plastics LLC ("Harrington"), show cause on the 24th day of February, 2012, at 10:00 a.m., why an order should not be entered pursuant to Fed. R. Civ. P. 65, ordering that:

       i.     Wicks be prohibited from continuing his employment with Harrington through September 16, 2012;

       ii.    Wicks be prohibited from engaging in, having an interest in, being employed by or being in any way connected with (as a consultant, independent contractor or otherwise) any company or entity that is a competitor of Banner's, including any retail distributor of high purity components, including valves, vacuum fittings, tubing and gauges that are used in the high technology manufacturing industry, particularly in the semiconductor industry, anywhere in the United States

through September 16, 2012;

iii.	Wicks be prohibited from directly or indirectly soliciting, diverting or taking away any of Banner's customers or clients, former customers or clients, prospects or vendors or patronage of such customers or clients, former customers or clients, prospects or vendors, through September 16, 2012;

iv.	Wicks be prohibited from disclosing any confidential information of Banner to anyone for their use or benefit or for the use or benefit of any others;

v.	Wicks be required to return forthwith to Banner any and all documents, materials or other property of Banner;

vi.	Wicks be required to refund forthwith to Banner any and all sums paid to him under the Settlement Agreement between Banner and Wicks dated November 11, 2009;

vii.	Harrington be prohibited from continuing to employ Wicks as an employee, consultant or independent contractor through September 16, 2012;

viii.	Harrington be prohibited from using for its benefit or the benefit of others, any confidential information, trade secrets, customer lists, vendor lists or financial information or any other confidential trade secret or private financial information of Banner regarding the business of Banner that Harrington obtained or learned from Wicks; and

ix.	Harrington be required to return to Banner any and all any confidential information, trade secrets, customer lists, vendor lists or financial information or any other confidential trade secret or private financial information of Banner that it obtained from Wicks.

It is ORDERED:

That service of this order and the papers upon which it is based shall be sufficient if served by February 11, 2012, by 5:00 p.m.; and it is further

ORDERED that any response papers by defendants shall be electronically filed no later than 5:00 p.m. on February 17, 2012; and it is further

ORDERED that any reply papers by plaintiff shall be electronically filed no later than 2:00 p.m. on February 22, 2012; and it is further

ORDERED that Oral argument is scheduled for February 24, 2012, at 10:00 a.m., before this Court in Courtroom 6, James M. Hanley Federal Building, 12th Floor, 100 South Clinton Street, Syracuse, New York.

IT IS SO ORDERED.

Date:   February 10, 2012

_____
Honorable Norman A. Mordue
U.S. District Judge